**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

———————————————————————

| | |
|---|---|
| CLEAN AIR COUNCIL ) | |
| Suite 300 ) | |
| 135 S. 19th Street ) | |
| Philadelphia, PA 19103 ) | Civil Action No: |
| *Plaintiff,* ) | |
| ) | |
| V. ) | |
| ) | |
| U.S. DEPARTMENT OF INTERIOR ) | |
| 1849 C Street, N.W. ) | |
| Washington, DC 20240 ) | |
| ) | |
| NATIONAL PARK SERVICE ) | |
| 1849 C Street, N.W. ) | |
| Washington, DC 20240 ) | |
| *Defendants.* ) | |

———————————————————————

## COMPLAINT

1.      Plaintiff Clean Air Council brings this action against Defendants U.S. Department of Interior ("DOI") and the National Park Service ("NPS") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

2.      The FOIA request at issue was submitted on October 4, 2021. Despite conceding that it has responsive records in a July 7, 2021 letter and November 22, 2021 email, Defendant NPS has failed to produce the requested records or demonstrate the requested records are lawfully exempt from production.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

4.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

5.      Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, Clean Air Council is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agencies from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

6.      Plaintiff Clean Air Council (the "Council") is a nonpartisan, non-profit section 501(c)(3) environmental health advocacy organization fighting for everyone's right to a healthy environment. The Council achieves its mission through public education, community action, government accountability, and enforcement of environmental laws. Through FOIA requests, Clean Air Council gathers information to educate the public about the activities and operations of the federal government. The Council has members throughout Pennsylvania and the Mid-Atlantic, and has been operating for over 50 years. The Council is incorporated under the laws of Pennsylvania, and has a place of business at 135 S. 19th Street, Suite 300, Philadelphia, PA, 19103.

7.      Defendant Department of the Interior ("DOI") is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). FOIA requests to the National Park Service ("NPS") are governed by the DOI's FOIA regulations, *see* 43 C.F.R. §§ 2.1 *et seq.*,

which provide that FOIA appeals are sent to the DOI FOIA Appeals Officer, *see* 43 C.F.R. § 2.59. Defendant National Park Service ("NPS") is a federal agency within the Department of the Interior. NPS has possession, custody, and control of records that Plaintiff seeks. Both Defendants are subject to FOIA, 5 U.S.C. § 552.

## STATEMENT OF FACTS

8.      On June 23, 2021, Clean Air Council wrote a letter to Debra Haaland, the Secretary of the Department of the Interior. *See* Exhibit A. The letter expressed concern about the NPS's plans to install new fossil fuel boilers at dozens of historic buildings in Center City Philadelphia. Those boilers would replace existing, more energy efficient, infrastructure.

9.      On July 7, 2021, Cynthia MacLeod, a Superintendent with NPS, responded to Clean Air Council's letter. *See* Exhibit B. Ms. MacLeod's letter stated that NPS hired Philadelphia Gas Works ("PGW") to do an engineering study, and NPS subsequently decided to convert to gas boilers.

10.      On August 1, 2021, Clean Air Council responded to Ms. MacLeod, reiterating its concerns about the environmental impact of converting to gas boilers. *See* Exhibit C. On August 2, 2021, Clean Air Council also wrote a letter to Secretary Haaland, sharing similar concerns and asking DOI to release the engineering study that PGW conducted for NPS. *See* Exhibit D.

11.      After receiving no response to its August 1 and August 2 letters, Clean Air Council submitted a FOIA request to NPS on October 4, 2021, seeking information related to PGW's work for NPS (the "Project"). *See* Exhibit E; *see also* Exhibit I (indicating that NPS did not respond to the August 2 letter until January 26, 2021, and did not provide any documents). The FOIA request sought the PGW engineering study that Ms. MacLeod referenced in her July

7, 2021 letter, related proposals from PGW, and other related documents. On information and belief, those documents or portions thereof are non-exempt under FOIA.

12.    Clean Air Council requested all responsive records from January 1, 2017, through the date a search is conducted.

13.    By letter dated October 7, 2021, NPS acknowledged Clean Air Council's FOIA request and assigned it the control number NPS-2022-000051. *See* Exhibit F.

14.    On November 5, 2021, the NPS FOIA Office wrote a letter stating that it was taking a 10-workday extension under 43 C.F.R. § 2.19. *See* Exhibit G.

15.    On November 22, 2021, the NPS FOIA Office wrote a follow-up letter stating that it had completed a search, which identified 63 files and 1,648 emails that are pending review for potentially responsive material. The letter also stated that there were "3 Complex, 5 Normal, and 9 simple requests pending ahead of [Clean Air Council's in the] processing track." *See* Exhibit H.

16.    On February 17, 2022, Clean Air Council emailed the NPS FOIA Office seeking information about the status of the October 2021 request. The NPS FOIA Office responded stating that there were "2 Complex, 9 Normal, and 4 simple requests pending ahead of [Clean Air Council's in the] processing track." *See* Exhibit J.

17.    On March 2, 2022, Clean Air Council submitted an appeal to the DOI's FOIA Appeals Officer (the "FOIA Appeal") by email and asked for confirmation of receipt. DOI did not respond or confirm receipt of the FOIA Appeal, despite the Council's attempts to follow up by email through March 30. *See* Exhibit K.

18.    On March 12, 2022, Clean Air Council also submitted the FOIA Appeal to the DOI's Office of the Solicitor by fax. DOI did not respond or confirm receipt.

*Exhaustion of Administrative Remedies*

19.     As of the date of this complaint, Defendants have failed to (a) respond to, or even acknowledge receipt of, the FOIA Appeal; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

20.     Through Defendants' failure to respond to Plaintiff's FOIA request and FOIA Appeal within the time period required by law, Clean Air Council has constructively exhausted its administrative remedies and seeks immediate judicial review. *See* 5 U.S.C. § 552(a)(6)(C); *Frankenberry v. FBI*, No. 08-CV-1565, 2010 U.S. Dist. LEXIS 35078, at *2 n.1 (M.D. Pa. Apr. 7, 2010) ("Although FOIA requires exhaustion of administrative remedies before filing suit in district court, the administrative appeals pursuant to FOIA are deemed constructively exhausted when an agency fails to timely respond to a FOIA request or appeal.")

### COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

21.     Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

22.     Plaintiff properly requested records within Defendant NPS's possession, custody, and control. Plaintiff properly appealed NPS's delay to Defendant DOI's FOIA Appeals Officer.

23.     Defendants are subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide a lawful reason for withholding any materials.

24.      Defendants are wrongly withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to its FOIA requests, and/or by failing to segregate exempt information in otherwise non-exempt records responsive to its FOIA requests.

25.     Defendants' failure to provide all non-exempt responsive records violates FOIA.

26.     Plaintiff is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, Clean Air Council respectfully requests the Court to:

(1) Order Defendants to produce, within twenty days of the Court's order, or by such date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiff's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(2) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(3) Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(4) Grant Plaintiff such other relief as the Court deems just and proper.


Dated: July 14, 2022                                Respectfully submitted,

                                                    */s/ Paul Jay Cohen, II*
                                                    Paul Jay Cohen, II
                                                    Pa. Bar No. 331112
                                                    Joseph A. Ingrao
                                                    Pa. Bar No. 330454
                                                    Alexander G. Bomstein
                                                    Pa. Bar No. 206983

CLEAN AIR COUNCIL
135 S. 19th Street
Suite 300
Philadelphia, PA 19103
215-567-4004

*Counsel for Plaintiff*

# Exhibit A



June 23, 2021

The Honorable Deb Haaland
Secretary of the Interior
United States Department of the Interior
1849 C Street NW
Washington, DC 20240

**Re:    National Park Service Expanded Use of Fossil Fuels in Philadelphia in Conflict with
        Executive Order 14008 of January 27, 2021**

Dear Secretary Haaland.

Clean Air Council is a member-supported, non-profit environmental advocacy
organization that has been dedicated to protecting everyone's right to a healthy environment
since 1967.  The Council is headquartered in Philadelphia and works through public education,
community advocacy, and government oversight to combat climate change and ensure
enforcement of environmental laws.

It has come to our attention that the National Park Service Philadelphia Office (NPS) is
coordinating with the Philadelphia Gas Works (PGW) and Constellation Energy on plans to
disconnect from its current energy supplier, the combined heat and power (CHP) fed district
energy system, and instead install multiple fossil fuel burning boilers and new buried piping to
heat and supply hot water to dozens of historic buildings in Center City Philadelphia.  The CHP-
fed district energy system, which currently supplies the NPS campus, also provides steam
heating and cooling to much of the City of Philadelphia.

**Clean Air Council is highly concerned that this action will lead to a net *increase* in
carbon emissions. The NPS's conversion to gas boilers is in direct conflict with Executive
Order 14008, which directs ALL federal agencies to aggressively reduce their carbon
footprint and invest in low and zero-carbon energy alternatives. The Department of the
Interior (DOI) and the National Park Service must look to decrease their greenhouse gas
emissions, not increase them. Indeed, DOI and the NPS should fully explore the possibility
of expeditiously switching to use solar or wind energy, which would further assist the City
of Philadelphia in achieving its greenhouse gas reduction goals.**

The Department of the Interior and the National Park Service should note the following:

1. The NPS's conversion to gas boilers is in direct conflict with President Biden's Executive Order (EO) 14008 of January 27, 2021.[1] That EO states, "it is the policy of my Administration to organize and deploy the full capacity of its agencies to combat the climate crisis to implement a Government-wide approach that reduces climate pollution in every sector of the economy...." (Section 201). And, "action plans should, among other things, describe the agency's climate vulnerabilities and describe the agency's plan to use the power of procurement to increase the energy and water efficiency of United States Government installations, buildings, and facilities and ensure they are climate-ready." (Section 211)

2. As cited by the U.S. Environmental Protection Agency, CHP-fed district energy is one of the most carbon efficient systems currently available for heat and electric cogeneration. Although dependent on fossil gas and not zero-carbon, such systems are much more efficient and less carbon intense than, for example, multiple individual-burn natural gas boilers.

3. PGW's gas distribution system leaks 2.6% of the methane it distributes into Philadelphia's air every year (according to PGW regulatory filings). That leakage equates to over 1 million tons of $CO_2$ equivalent annually. By converting, the NPS will increase the throughput of methane in the PGW system, which will necessarily increase this uncontrolled release of methane.

4. The adoption of gas boilers locks the NPS into using fossil gas for heat and hot water, and the consequent GHG emissions, for as much as 30 years.

5. As stated above, ideally the NPS should be purchasing non-fossil fuel based energy. At minimum, the NPS must not transition to a less efficient, more carbon-intensive energy source than the CHP-fed district energy system. This decision has important long-term implications for combatting GHG emissions and climate change. The Council urges the NPS to transition to clean energy sources without delay, while acknowledging the potential exists for the NPS to benefit from technological advancements under consideration by the district energy system to electrify and convert to zero carbon feedstock fuel sources. Again, the NPS's decision to embrace fossil fuel heating from PGW could prevent them from adopting zero-carbon options for up to 30 years.

6. Gas boilers for heating are unregulated. They negatively affect local air quality, and their efficiency cannot be reviewed over time.

   Switching to independent gas boilers is the wrong decision for the NPS. It flies in the face of all the critical and paramount climate commitments by President Biden and Secretary Haaland. It is unacceptable that the DOI and the NPS, in what is likely one of the earliest capital expenditures by the Biden administration, would embrace added fossil fuel use and make a decades-long commitment to methane.

---

[1] https://www.energy.gov/sites/default/files/2021/02/f83/eo-14008-tackling-climate-crisis-home-abroad.pdf

Clean Air Council strongly urges the DOI and the NPS to stop this ill-advised conversion immediately, follow the letter and spirit of EO 14008, and adhere to the promises made by President Biden to combat the existential crisis of climate change.  Thank you for your time and consideration.

Sincerely,

Joseph Otis Minott, Esq.
Executive Director and Chief Counsel
Clean Air Council
135 S. 19th Street, Suite 300
Philadelphia, PA 19103
joe_minott@cleanair.org

Cc:     Shawn Benge
        Susan Farinelli
        Gay Vietzke

# Exhibit B



# United States Department of the Interior

**NATIONAL PARK SERVICE**
INDEPENDENCE NATIONAL HISTORICAL PARK
143 S. 3rd Street
Philadelphia, PA 19106



IN REPLY REFER TO:

10.D (INDE-SUPT)

7 July 2021

Joseph Otis Minott, Esq.
Executive Director and Chief Counsel
Clean Air Council
135 S. 19th Street, Suite 300
Philadelphia, PA 19103

Dear Mr. Minott:

Your letter of June 23, 2021 to Secretary of the Interior Deb Haaland concerning Independence National Historical Park (the park) was referred to me for a reply. The utility project has been planned for more than 4 years and will take many of the park's buildings off Philadelphia's district steam system. The National Park Service is committed to promoting clean and efficient energy solutions that complement the administration's goals of reducing reliance on fossil fuel and fighting climate change.

In 2016 the National Park Service (NPS) conducted a campus-wide energy audit that identified several opportunities that will be addressed by the present project. In 2017 all of the park's publicly regulated servicing utilities were approached about participating in an energy saving project. Philadelphia Gas Works (PGW) was the only utility that was interested and eligible. The NPS subsequently hired PGW to conduct an engineering study to determine the most efficient and cost-effective method to reduce energy consumption and protect the park's historic buildings in an environmentally friendly and sustainable way. The decision to convert to consolidated onsite gas boilers in lieu of continued reliance on city-wide commercial steam was a direct result of that analysis. By pursuing the identified conservation measures, Independence NHP expects to reduce its contribution to $CO_2$ emissions by 1,685 tons per year; a substantial savings over emissions generated to produce the amount of steam currently used to heat most of the park's buildings.

PGW's engineering study recognized that, in Philadelphia, natural gas and other carbon-based fuels are burned to create steam, which is then piped throughout the city to end users. The energy required to generate high-pressure steam and transport it 2.5 miles to the park is substantially higher than the park will use to self-generate heating hot water and pump it through closed loop systems serving multiple buildings. The park's updated infrastructure will provide the ability to recover and reheat hot water. Philadelphia's district steam distribution network provides only one-way flow which results in un-used energy being wasted; multiple steam vents on city sidewalks provide exit paths for excess steam. The future park system, because it will not consume the amount of fuel needed to convert water to steam and will recirculate the heating medium, will use much less fuel than steam heat. The engineering study also highlighted that, based on an analysis of utility bills, steam service costs 190% of an equivalent thermal unit of gas.

The NPS is hopeful that new and greener heating technologies will soon be more readily available and economically feasible within the park's fixed budget. In anticipation of that, the Independence NHP project will achieve the benefits described above regardless of the energy source used to heat the water.

Should a greener thermal energy source be identified, it will be possible to incorporate it into the system. Currently, natural gas is the cleanest and most economical thermal energy source available.

The NPS believes that this project is in line with EO 14008 and is a key component of Independence NHP's efforts to reduce its carbon footprint and fight climate change.

Thank you for your inquiry.

Sincerely,

*Cynthia MacLeod*

Cynthia MacLeod
Superintendent

# Exhibit C

# CLEAN AIR COUNCIL

August 1, 2021

Ms. Cynthia MacLeod, Superintendent
National Park Service
Independence National Historical Park
143 South 3rd St.
Philadelphia PA  19103

Dear Ms. MacLeod;

We are in receipt of your letter dated July 7, 2021 and have reviewed and discussed it thoroughly. While the information you shared is appreciated, your letter raises several significant questions. Clean Air Council remains seriously concerned about the greenhouse gas impact of your proposed "utility project" and we question the lack of transparency involved in this apparently multi-year process. Despite your statement that the National Park Service (NPS) supposedly "believes that this project is in line with EO 14008," it is hard to share that belief based on the contents of your letter.

NPS appears to have initiated and undertaken this process in secrecy without any public notice or involvement "for more than 4 years." NPS hired Philadelphia Gas Works (PGW) to conduct an "engineering study," purportedly because PGW "was the only utility that was interested and eligible." Conveniently, this study resulted in a decision to convert to consolidated onsite gas boilers serviced by PGW itself. You state the decision "was a direct result of that analysis." It is not apparent from your letter that the NPS ever considered consulting with an independent third-party to determine how best to "reduce energy consumption and protect the park's historic buildings in an environmentally friendly and sustainable way."

PGW would directly benefit by supplying gas to the NPS project. It is contrary to good public policy and presents a clear conflict of interest to have the commercial beneficiary of a proposed project evaluate the project or proposed investment. This immediately raises questions about the reliability of the study. We also have reason to question the factual assertions in your letter about the cost impacts and existence of leaks in the district energy system, as well as your statement that "natural gas is the cleanest and most economical thermal energy source available." Furthermore:

1) **Transparency:** NPS failed to inform the public of its plan to construct new gas-burning infrastructure and failed to make public the report detailing the net carbon impact of the project.  These actions deprived NPS and the public of independent scrutiny and review of the report. NPS must immediately remedy this by making the PGW-led engineering study, including its carbon impact analysis, public and subject to stakeholder input.

2) **Environmental Justice:** By locating new sources of fossil fuel emissions within and/or near the footprint of the NPS properties in Philadelphia, NPS may very well be increasing emissions and pollution in or near environmental justice communities. We can only speculate because the

| **PHILADELPHIA** | 135 S. 19th Street | Suite 300 | Philadelphia, PA 19103 | 215.567.4004 | Fax 215.567.5791 | www.cleanair.org |
| **HARRISBURG** | 107 N. Front Street | Suite 113 | Harrisburg, PA 17101 | 717.230.8806 | Fax 717.230.8800 | facebook.com/CleanAirCouncil |
| **WILMINGTON** | 100 W. 10th Street | Suite 1004 | Wilmington, DE 19801 | 302.691.0112 | | @CleanAirCouncil |
| **PITTSBURGH** | 200 First Avenue | Suite 200 | Pittsburgh, PA 15222 | 412.954.8494 | | |

public and relevant stakeholders do not know where NPS is adding new fossil fuel burning stacks. NPS must remedy this by releasing its construction plans to the public and impacted communities, which must, necessarily, include the exact location of any new fossil fuel burning emissions "stacks" and their estimated emissions.

3) **Additional Fossil Fuel Infrastructure:** NPS proposes to add significant new fossil fuel distribution infrastructure when the federal government should be moving *away* from dependence on fossil fuels.  Any new fossil fuel infrastructure investment risks becoming stranded assets and moves the agency backwards in the fight against climate change rather than forward.

4) **Lack of Public Meetings:** Given the potential carbon impact, environmental justice impacts, and the potential that new fossil fuel infrastructure will alter one or more significant historic sites, NPS should commence public meetings to allow for a transparent and thorough review of its proposed fossil fuel burning capital investments in our community. This certainly should have taken place at the outset of this process – or at any time over the past 4 years – but it is not too late to remedy this now.

Thank you for your consideration, and Clean Air Council looks forward to NPS's timely efforts to address our concerns.  Best,

**Joseph Otis Minott, Esq.**  (he/him)

*Executive Director and Chief Counsel*

**Clean Air Council** | 135 S 19th Street Suite 300, Philadelphia, PA  | 215.567.4004, x116 | @CleanAirCouncil  | @headbreather

# Exhibit D

# CLEAN A/R COUNCIL

August 2, 2021

The Honorable Deb Haaland
Secretary of the Interior
United States Department of the Interior
1849 C Street, Northwest
Washington DC 20240

RE: National Parks Service's (NPS) Troubling Response to Inquiry about New Fossil Fuel Infrastructure

Dear Secretary Haaland;

Clean Air Council (CAC) writes to inform you of the insufficient and troubling response offered by NPS Philadelphia to our letter of June 23rd, which outlined serious questions and concerns regarding the proposed new fossil fuel burning infrastructure that NPS plans to install at its complex of sites in Philadelphia. See attached for our reply to the Philadelphia local office Superintendent.

To date, NPS Philadelphia has not been transparent about this project, its potential increase in carbon emissions, and its impact on environmental justice communities. Specifically, NPS has not released for independent review the engineering study it claims to show net carbon reductions for the project. The study itself was apparently conducted by a potential financial beneficiary of the fossil fuel investment, which represents a facial conflict of interest and raises serious credibility questions about the study.  For these reasons, and more, the study needs to be made public and subject to independent community review and stakeholder comment.

NPS Philadelphia has also not made public its plans, which must involve construction and installation of new fossil fuel burning emissions stacks in Philadelphia. We do not know where these stacks will be located, raising the question of whether there may be negative impacts to environmental justice communities. There is no indication that any public meetings have been held, or plan to be held, to solicit feedback from relevant stakeholders and impacted communities, despite the fact that this project has apparently been underway for more than four years.

As this project may be one of the first capital investments in energy use by the Biden administration, choosing to finance additional fossil fuel infrastructure would set an unfavorable precedent and potentially undermine the administration's climate goals. The superintendent's statement that, "[c]urrently, natural gas is the cleanest and most economical thermal energy source available" is alarming and not substantiated by the contents of her response.

We would encourage officials appointed by President Biden to forego rubber-stamping a fossil fuel infrastructure project initiated during the Trump administration, which was diametrically opposed to President Biden's stated commitment to fight climate change, and forego endorsing a process cloaked in the kind of secrecy that President Biden has committed to end.

| | | | | | |
|---|---|---|---|---|---|
| **PHILADELPHIA** | 135 S. 19th Street | Suite 300 | Philadelphia, PA 19103 | 215.567.4004 | Fax. 215.567.5791 | www.cleanair.org |
| **HARRISBURG** | 107 N. Front Street | Suite 113 | Harrisburg, PA 17101 | 717.230.8806 | Fax. 717.230.8800 | facebook.com/CleanAirCouncil |
| **WILMINGTON** | 100 W. 10th Street | Suite 1004 | Wilmington, DE 19801 | 302.691.0112 | | @CleanAirCouncil |
| **PITTSBURGH** | 200 First Avenue | Suite 200 | Pittsburg, PA 15222 | 412.954.8494 | | |

The Council respectfully urges you and the Department of the Interior to direct NPS Philadelphia to release the engineering study prepared by Philadelphia Gas Works in full in order to allow for thorough, independent review and comment by experts and interested stakeholders before the intended project moves ahead any further. We also urge that, before the project moves ahead any further, NPS Philadelphia make public the complete project plans so that it can be determined how these new fossil fuel pollution sources may negatively impact environmental justice communities and schedule public meetings to allow for sufficient transparency and feedback in this important process.

The Council sincerely appreciates your consideration and looks forward to a timely response to our concerns. Best,

**Joseph Otis Minott, Esq.** (he/him)

*Executive Director and Chief Counsel*

**Clean Air Council** | 135 S 19th Street Suite 300, Philadelphia, PA | 215.567.4004, x116 | @CleanAirCouncil | @headbreather

# Exhibit E

# CLEAN AIR COUNCIL

October 4, 2021

FOIA Officer
Department of the Interior, National Park Service
United States Courthouse
143 S. 3rd Street
Philadelphia, PA 19106

Dear Sir or Madam,

**Re:  Freedom Of Information Act Request**

**Introductory Matters.**

Under the Freedom of Information Act, 5 U.S.C. subsection 552, I am requesting access to certain documents more specifically described below.

NPS has refused to adequately respond to several prior voluntary requests for information made by Clean Air Council so we now must make this request for information and documents via the Freedom of Information Act.  We refer in this regard to our letters to Secretary Haaland dated June 23, 2021 and August 2, 2021 and our letter to NPS Philadelphia Superintendent MacLeod dated August 1, 2021 (the "CAC to NPS Letters")

To help you determine my status for the purpose of assessing fees, you should know that the Clean Air Council, the requesting entity, is a statewide, environmental non-profit corporation, which maintains a principal office at 135 S. 19th Street, Suite 300, Philadelphia, PA 19103.  CAC is incorporated in Pennsylvania.  Members of the Clean Air Council reside in many areas of the Commonwealth of Pennsylvania including Philadelphia and its surrounding Counties.

As described in more detail below, the documents requested here are for the purpose of advancing the public's interest in fighting to reduce carbon emissions and not for a commercial use.  Disclosure of the requested information is in the public interest because it is likely to contribute to not only fighting climate change but also to the public's understanding of the operations and activities of the National Park Service Philadelphia.  For these reasons CAC requests a waiver of any fees for this request.

We request that the information I seek be provided in electronic format.

We ask that this request receive expedited processing because the described activities may be in an advanced state, the urgency that the public be informed of such NPS plans to use more carbon intense fuels at its Philadelphia sites and our prior voluntary requests for information outlined in the CAC to NPS Letters has not been adequately responded to and, in fact, our two letters of August 1, 2021 and August 2, 2021 have been totally ignored.

If you have any questions about handling this request, you may telephone me at the CAC offices at 215-567-4004, Extension 116.

| PHILADELPHIA | 135 S. 19th Street | Suite 300 | Philadelphia, PA 19103 | 215.567.4004 | Fax. 215.567.5791 | www.cleanair.org |
| HARRISBURG | 107 N. Front Street | Suite 113 | Harrisburg, PA 17101 | 717.230.8806 | Fax. 717.230.8800 | facebook.com/CleanAirCouncil |
| WILMINGTON | 100 W. 10th Street | Suite 1004 | Wilmington, DE 19801 | 302.691.0112 | | @CleanAirCouncil |
| PITTSBURGH | 200 First Avenue | Suite 200 | Pittsburgh, PA 15222 | 412.954.8494 | | |

**Substance of Information Request**

It has come to our attention that the National Parks Service Philadelphia Office (NPS) has contracted with, or may contract with, the Philadelphia Gas Works (PGW) and Constellation Energy to disconnect from the combined heat and power (CHP) fed district energy system and will install individual fossil fuel burning boilers to heat various historic buildings in Center City Philadelphia (the "Project"). The CHP-fed district energy system in Philadelphia currently provides steam heating and cooling to much of the City.

We request any and all documents of the nature outlined below. You may limit the time frame regarding this request to documents generated or dated after January 1, 2017.

1.  Any engineering study that NPS claims shows net carbon reductions from the Project, or the installation or possible installation of any gas fossil fueled units in any NPS Philadelphia structure or building

2.  Any documents which discuss or mention the intention or decision to install individual natural gas fossil fuel burning boilers or units in any NPS Philadelphia structure or building

3.  Documents mentioning or discussing the Project, or the installation or possible installation of any gas fossil fueled units in any NPS Philadelphia structure or building

4.  Documents relating to any public notice and/or public participation or public input regarding the Project, or the installation or possible installation of any gas fossil fueled units in any NPS Philadelphia structure or building

5.  Documents that mention specific structures or buildings that are part of the Project, or the installation or the possible installation of any natural gas fossil fueled units in any NPS Philadelphia structure or building

6.  Any plans or sketches relating to the Project, or the installation of any gas fossil fueled units in any NPS Philadelphia structure or building

7.  Any contracts or proposals from PGW and/or Constellation or any other vendor relating to the Project, or the installation of any gas fossil fueled units in any NPS Philadelphia structure or building

8.  Documents from PWG or which mention PWG relating to the Project, or the installation or possible installation of any gas fossil fueled units in any NPS Philadelphia structure or building

9. Documents from Constellation Energy or which mention Constellation Energy relating to the Project, or the installation or possible installation of any gas fossil fueled units in any NPS Philadelphia structure or building

10. Documents that mention or relate to the CAC to NPS Letters

11. Documents that mention or relate to NPS response to the CAC to NPS Letters

Sincerely,

Joseph Otis Minott, Esq
Executive Director and Chief Counsel, Clean Air Council

Cc: The Honorable Deb Haaland, Secretary of the Interior
    Cynthia MacLeod, Superintendent, NPS Philadelphia

# Exhibit F



# United States Department of the Interior



NATIONAL PARK SERVICE
Interior Region 1
North Atlantic-Appalachian
1234 Market Street, 20th Floor
Philadelphia, PA 19107

IN REPLY REFER TO:

NPS-2022-000051

October 7, 2021

Mr. Joseph O. Minott
Clean Air Council
135 S. 19th Street, Suite 300
Philadelphia, PA 19103

Dear Mr. Minott:

The National Park Service, Interior Region North Atlantic-Appalachian FOIA office received your Freedom of Information Act (FOIA) request, October 4, 2021, on October 5, 2021. It has been assigned control number [NPS-2022-000051. Please cite this number in any future communications with our office regarding your request.

In letter you provided attached to your request you asked for "…any and all documents of the nature outlined below. You may limit the time frame regarding this request to documents generated or dated after January 1, 2017.

1. Any engineering study that NPS claims shows net carbon reductions from the Project, or the installation or possible installation of any gas fossil fueled units in any NPS Philadelphia structure or building

2. Any documents which discuss or mention the intention or decision to install individual natural gas fossil fuel burning boilers or units in any NPS Philadelphia structure or building

3. Documents mentioning or discussing the Project, or the installation or possible installation of any gas fossil fueled units in any NPS Philadelphia structure or building

4. Documents relating to any public notice and/or public participation or public input regarding the Project, or the installation or possible installation of any gas fossil fueled units in any NPS Philadelphia structure or building

5. Documents that mention specific structures or buildings that are part of the Project, or the installation or the possible installation of any natural gas fossil fueled units in any NPS Philadelphia structure or building

6. Any plans or sketches relating to the Project, or the installation of any gas fossil fueled units in any NPS Philadelphia structure or building

7.  Any contracts or proposals from PGW and/or Constellation or any other vendor relating to the Project, or the installation of any gas fossil fueled units in any NPS Philadelphia structure or building

8.  Documents from PWG or which mention PWG relating to the Project, or the installation or possible installation of any gas fossil fueled units in any NPS Philadelphia structure or building

9.  Documents from Constellation Energy or which mention Constellation Energy relating to the Project, or the installation or possible installation of any gas fossil fueled units in any NPS Philadelphia structure or building

10. Documents that mention or relate to the CAC to NPS Letters

11. Documents that mention or relate to NPS response to the CAC to NPS Letters"

We have classified you as an "other-use" requester. As such, we may charge you for some of our search and duplication costs, but we will not charge you for our review costs; you are also entitled to up to 2 hours of search time and 100 pages of photocopies (or an equivalent volume) for free. *See 43 C.F.R. § 2.39.*

### *Fee Waiver Request*

In your request, you have asked us to waive the fees for processing your request. Our FOIA regulations state that bureaus will waive, or partially waive, fees if disclosure of all or part of the information is:

(1) In the public interest because it is likely to contribute significantly to public understanding of government operations or activities, and

(2) Not primarily in your commercial interest.

Your request for a fee waiver has been granted.

### *Expedited Processing- 43 C.F.R § 2.20.*

You have asked for expedited processing of your FOIA request. The Department's FOIA regulations state that a bureau will provide expedited processing when a requester demonstrates a compelling need for the records by explaining in detail how the request meets one or both of the criteria below and certifying the explanation is true and correct to the best of the requester's knowledge and belief. The two criteria are as follows:

(1)     Failure to expedite the request could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or

(2)     There is an urgency to inform the public about an actual or alleged government activity and the request is made by a person primarily engaged in disseminating information. (The requested information must be the type of information that has particular value that will be lost if not disseminated quickly; this ordinarily refers to a breaking news story that concerns a matter of public exigency. Information of historical interest only or information sought for litigation or commercial activities would not qualify, nor would a news media deadline unrelated to breaking news.)

Your request does not contain enough evidence to support either of these criteria. In your request you stated you are seeking "...expedited processing because the described activities may be in an advanced state, the urgency that the public be informed of such NPS plans to use more carbon intense fuels at its Philadelphia sites and our prior voluntary requests for information outlined in the CAC to NPS Letters has not been adequately responded to and, in fact, our two letters of August 1, 2021 and August 2, 2021 have been totally ignored." However, you provided no information demonstrating how a failure to get the requested information in an expedited manner would pose an imminent threat to your safety. Additionally, the information provided does not adequately show how the value of this information you have you requested would be lost if not disseminated quickly. Your request for expedited processing therefore has been denied.

You may appeal this response to the Department's FOIA/Privacy Act Appeals Officer. If you choose to appeal, the FOIA/Privacy Act Appeals Officer must receive your FOIA appeal as soon as possible after this communication. Appeals arriving or delivered after 5 p.m. Eastern Time, Monday through Friday, will be deemed received on the next workday.

**Your appeal must be made in writing.** You may submit your appeal and accompanying materials to the FOIA/Privacy Act Appeals Officer by mail, courier service, fax, or email. All communications concerning your appeal should be clearly marked with the words: "FREEDOM OF INFORMATION APPEAL." You must include an explanation of why you believe this response is in error. You must also include with your appeal copies of all correspondence between you and the National Park Service concerning your FOIA request, including your original FOIA request and this response. Failure to include with your appeal all correspondence between you and the National Park Service will result in the Department's rejection of your appeal, unless the FOIA/Privacy Act Appeals Officer determines (in the FOIA/Privacy Act Appeals Officer's sole discretion) that good cause exists to accept the defective appeal.

Please include your name and daytime telephone number (or the name and telephone number of an appropriate contact), email address and fax number (if available) in case the FOIA/Privacy Act Appeals Officer needs additional information or clarification of your appeal.

*Freedom of Information Act Appeals Officer*
Office of the Solicitor
Department of the Interior
1849 C Street, N.W.
MS-6556 MIB
Washington, DC 20240

Telephone: (202) 208-5339
Fax: (202) 208-6677
Email: FOIA.Appeals@sol.doi.gov

Also, as part of the 2007 OPEN Government Act FOIA amendments, the Office of Government Information Services (OGIS) was created to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a nonexclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation.

You may contact OGIS in any of the following ways:

Office of Government Information Services (OGIS)
National Archives and Records Administration
Room 2510
8601 Adelphi Road
College Park, MD 20740-6001

E-mail: ogis@nara.gov
Phone: 301-837-1996
Fax: 301-837-0348
Toll-free: 1-877-684-6448

Email: FOIA.Appeals@sol.doi.gov

We use Multitrack Processing to process FOIA requests.  The Simple track is for requests that would generally take one to five workdays to process.  The Normal track is for requests that would generally take six to twenty workdays to process.  The Complex track is for requests that would generally take twenty-one to sixty workdays to process.  The Extraordinary track is for requests that would generally take more than sixty workdays to process.  The Expedited track is for requests that have been granted expedited processing, which are processed as soon as practicable.  Within each track, requests are usually processed on a first-in, first-out basis.

Your request falls into the Complex processing track.  There are 3 Complex, 6 Normal, and 5 simple requests pending ahead of yours in this processing track. Presuming that our current FOIA capacity and burden remain constant, we expect that we will dispatch a determination to you by November 5, 2021.

If you have any questions, you may contact Jessica McHugh by email at ir1_foia@nps.gov or Jessica_McHugh@nps.gov.

Sincerely,

**JESSICA MCHUGH** Digitally signed by
JESSICA MCHUGH
Date: 2021.10.07
15:36:25 -04'00'

Jessica McHugh
Freedom of Information Act Officer
National Park Service
Interior Region 1- North Atlantic Appalachian

# Exhibit G



# United States Department of the Interior



NATIONAL PARK SERVICE
Interior Region 1
North Atlantic-Appalachian
1234 Market Street, 20th Floor
Philadelphia, PA   19107

IN REPLY REFER TO:

NPS-2022-000051

November 5, 2021

Mr. Joseph O. Minott
Clean Air Council
135 S. 19th Street, Suite 300
Philadelphia, PA 19103

Dear Mr. Minott:

This letter is in response to your Freedom of Information Act (FOIA) request NPS-2022-000051. Please cite this number in any future communications with our office regarding your request.

We are writing you today to notify you that our initial searches have identified an additional potential record holder,  Because we will need to search for and collect requested records from other units that are separate from the office processing the request we are taking a 10-workday extension under *43 C.F.R. § 2.19*.

Your request remains in the Complex processing track.  There are 3 Complex, 5 Normal, and 9 simple requests pending ahead of yours in this processing track. Presuming that our current FOIA capacity and burden remain constant, we expect that we will dispatch a determination to you by November 22, 2021.

Also, as part of the 2007 OPEN Government Act FOIA amendments, the Office of Government Information Services (OGIS) was created to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a nonexclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation.

If you have any questions, you may contact Jessica McHugh by email at IR1_FOIA@nps.gov or by telephone at 215-597-9900.

Sincerely,


Jessica McHugh
Freedom of Information Act Officer
National Park Service
Interior Region 1- North Atlantic Appalachian

# Exhibit H

 

# United States Department of the Interior

NATIONAL PARK SERVICE
Interior Region 1
North Atlantic-Appalachian
1234 Market Street, 20th Floor
Philadelphia, PA   19107

IN REPLY REFER TO:

NPS-2022-000051

November 22, 2021

Mr. Joseph O. Minott
Clean Air Council
135 S. 19th Street, Suite 300
Philadelphia, PA 19103

Dear Mr. Minott:

This letter is in response to your Freedom of Information Act (FOIA) request NPS-2022-000051. Please cite this number in any future communications with our office regarding your request.

We have completed a search or our records and have identified approximately 63 files and 1,648 emails that are pending review for potentially responsive material.

Your request remains in the Complex processing track. There are 3 Complex, 5 Normal, and 9 simple requests pending ahead of yours in this processing track.

As yet, we have been unable to make a determination on your request. We apologize for this delay. You may narrow the scope of your request to obtain quicker processing in your currently-assigned track or move the request into a different track (which may have the effect of reducing the cost of processing your request and having it processed more quickly). You also may agree to an alternative time period for processing by communicating with us, our FOIA Requester Center, or the FOIA Public Liaison. Contact information for the Department's FOIA Requester Centers and FOIA Public Liaison is available at *https://www.doi.gov/foia/foiacenters*. You may also seek dispute resolution services from the Office of Government Information Services (OGIS). If you choose to contact OGIS, you may do so in any of the following ways:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001
E-mail: ogis@nara.gov
Web: https://ogis.archives.gov
Telephone: 202-741-5770
Fax: 202-741-5769
Toll-free: 1-877-684-6448

You may also file an appeal with the Department's FOIA/Privacy Act Appeals Officer regarding this delay. If you choose to appeal this delay, you may do so anytime between now and the date we make our determination on the FOIA request. Appeals arriving or delivered after 5 p.m. Eastern Time, Monday through Friday, will be deemed received on the next workday.

**Your appeal must be made in writing.** You may submit your appeal and accompanying materials to the FOIA/Privacy Act Appeals Officer by mail, courier service, fax, or email. All communications concerning your appeal should be clearly marked with the words: "FREEDOM OF INFORMATION APPEAL." You must also include with your appeal copies of all correspondence between you and [Bureau] concerning your FOIA request, including your original FOIA request and this response. Failure to include with your appeal all correspondence between you and [Bureau] will result in the Department's rejection of your appeal, unless the FOIA/Privacy Act Appeals Officer determines (in the FOIA/Privacy Act Appeals Officer's sole discretion) that good cause exists to accept the defective appeal.

Please include your name and daytime telephone number (or the name and telephone number of an appropriate contact), email address and fax number (if available) in case the FOIA/Privacy Act Appeals Officer needs additional information or clarification of your appeal.

*DOI FOIA/Privacy Act Appeals Office Contact Information*

Department of the Interior
Office of the Solicitor
1849 C Street, N.W.
MS-6556 MIB
Washington, DC 20240

Attn: FOIA/Privacy Act Appeals Office

Telephone: (202) 208-5339
Fax: (202) 208-6677
Email: FOIA.Appeals@sol.doi.gov

We regret the delay and appreciate your consideration. For more information on FOIA Administrative Appeals, you may review the Department's FOIA regulations at *43 C.F.R. Part 2, Subpart H.* If you have any questions, you may contact Jessica McHugh by email at IR1_FOIA@nps.gov or by telephone at 215-597-9900.

Sincerely,

JESSICA MCHUGH
Digitally signed by JESSICA MCHUGH
Date: 2021.11.22 17:11:38 -05'00'

Jessica McHugh
Freedom of Information Act Officer
National Park Service
Interior Region 1- North Atlantic Appalachian

Exhibit I



# United States Department of the Interior



NATIONAL PARK SERVICE
Interior Region 1
North Atlantic-Appalachian
1234 Market Street, 20th Floor
Philadelphia, PA 19107

IN REPLY REFER TO

10.1 (INDE)

January 26, 2022

Mr. Joseph Otis Minott, Esq.
Executive Director and Chief Counsel
Clean Air Council
135 S. 19 Street, Suite 300
Philadelphia, PA 19103

Dear Mr. Minott:

Thank you for your follow up letter of August 2, 2021 to Secretary Haaland regarding an energy infrastructure contract for Independence National Historical Park. Your letter has been referred to me for a reply.

Independence National Historical Park has existing heating infrastructure that is no longer functional or is inefficient and must be replaced as soon as possible. The National Park Service has been moving forward in the planning process since 2015 and is using tools promoted by the U.S. Department of Energy. The design and contracting process the National Park Service has followed in pursuit of this project are in accordance with Section 152 of the Energy Policy Act of 1992 (Public Law 102-486).

The energy currently required to generate high-pressure steam and transport it 2.5 miles to the park is substantially higher than the energy the new system will use to self-generate heated hot water and pump it through closed loop systems serving multiple park buildings. By utilizing a new system, the National Park Service intends to reduce the carbon footprint and the utility costs at Independence National Historical Park.

By pursuing the identified conservation measures, the park expects to reduce its contribution of $CO_2$ emissions by 1,685 tons per year; a substantial savings over emissions generated to produce the amount of steam currently used to heat most of the park's buildings. The energy projected to be saved is consistent with the energy reduction goals in Executive Order 14008.

The National Park Service is committed to using clean and efficient energy solutions, when feasible, to complement the administration's goals of reducing reliance on fossil fuel and addressing climate change.

Thank you for your interest in Independence National Historical Park and the National Park Service. Should you have any additional questions, please contact Superintendent Cynthia MacLeod at (215) 597-7120 or Cynthia_macleod@nps.gov.

Sincerely,

Gay Vietzke
Regional Director

Exhibit J



Joseph Ingrao <jingrao@cleanair.org>

---

## FOIA Request NPS-2022-000051

3 messages

---

**Joseph Ingrao** <jingrao@cleanair.org>                                          Thu, Feb 17, 2022 at 8:13 AM
To: IR1_FOIA@nps.gov
Cc: Joe Minott <joe_minott@cleanair.org>

Dear Ms. McHugh,

I am writing to request an update on FOIA request NPS-2022-000051, filed by the Clean Air Council on October 4, 2021.
We were told to expect a determination by the end of November, so we are very interested in the status of the request.

Sincerely,

**Joseph A. Ingrao, Esq.** (he/him)
*Legal Fellow*
Clean Air Council | 135 S 19th Street, Suite 300 | Philadelphia, PA 19103

---

**IR1 FOIA, NPS** <IR1_FOIA@nps.gov>                                          Thu, Feb 17, 2022 at 8:54 AM
To: Joseph Ingrao <jingrao@cleanair.org>
Cc: "joe_minott@cleanair.org" <joe_minott@cleanair.org>

Mr. Ingrao,

As indicated in our October 7, 2021 correspondence to Mr. Joseph Minott, we use Multitrack Processing to
process FOIA requests. The Simple track is for requests that would generally take one to five workdays to
process. The Normal track is for requests that would generally take six to twenty workdays to process. The
Complex track is for requests that would generally take twenty-one to sixty workdays to process. The
Extraordinary track is for requests that would generally take more than sixty workdays to process. The
Expedited track is for requests that have been granted expedited processing, which are processed as soon
as practicable. Within each track, requests are usually processed on a first-in, first-out basis.

On November 22, 2021 we notified you that:

> "We have completed a search or our records and have identified approximately 63 files and
> 1,648 emails that are pending review for potentially responsive material.
>
> Your request remains in the Complex processing track. There are 3 Complex, 5 Normal, and 9
> simple requests pending ahead of yours in this processing track."

As of today, February 17, 2022, there are 2 Complex, 9 Normal, and 4 simple requests pending ahead of
yours in this processing track.

You may narrow the scope of your request to obtain quicker processing in your currently-assigned track or
move the request into a different track.

You may also file an appeal with the Department's FOIA/Privacy Act Appeals Officer regarding this delay.

We regret the delay and appreciate your consideration. For more information on FOIA Administrative
Appeals, you may refer to the instructions provided in our November 22, 2021 correspondence or review
the Department's FOIA regulations at *43 C.F.R. Part 2, Subpart H.*_

Please contact me with any additional questions you may have via email at IR1_FOIA@nps.gov or by telephone at 215-597-7384.

Sincerely,

Jessica C. McHugh
Government Information Specialist
Interior Region 1, National Park Service
1234 Market Street, 20th floor
Philadelphia PA 19107
215-597-7384 (Office)

---

**From:** Joseph Ingrao <jingrao@cleanair.org>
**Sent:** Thursday, February 17, 2022 8:13 AM
**To:** IR1 FOIA, NPS <IR1_FOIA@nps.gov>
**Cc:** Joe Minott <joe_minott@cleanair.org>
**Subject:** [EXTERNAL] FOIA Request NPS-2022-000051

---

| This email has been received from outside of DOI - Use caution before clicking on links, opening attachments, or responding. |

[Quoted text hidden]

---

**jingrao@cleanair.org** <jingrao@cleanair.org>                    Fri, Feb 18, 2022 at 2:26 PM
To: Jessica_McHugh@nps.gov, Jessica_McHugh@nps.gov

Your message

To: Jessica_McHugh@nps.gov
Subject: Re: [EXTERNAL] FOIA Request NPS-2022-000051
Sent: 2/17/22, 8:54:31 AM EST

was read on 2/18/22, 2:26:13 PM EST

# Exhibit K

March 2, 2022

Department of the Interior
Office of the Solicitor
1849 C Street, N.W.
MS-6556 MIB
Washington, DC 20240

Attn: FOIA Appeals Office



**FREEDOM OF INFORMATION APPEAL (NPS-2022-000051)**

1. Clean Air Council, appellant, appeals from the delay in responding to appellant's request for information pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552; 43 C.F.R Part 2 Subpart H.

2. A copy of appellant's request and correspondence with Department staff are attached to this notice as Exhibits:

   - Exhibit A: June 23, 2021 Letter from Clean Air Council to Secretary Haaland;

   - Exhibit B: July 7, 2021 Letter from Supervisor MacLeod to Clean Air Council;

   - Exhibit C: August 1, 2021 Letter from Clean Air Council to Supervisor MacLeod;

   - Exhibit D: August 2, 2021 Letter from Clean Air Council to Secretary Haaland;

   - Exhibit E: October 4, 2021 FOIA Request from Clean Air Council to Department of the Interior;

   - Exhibit F: October 7, 2021 Letter from FOIA Officer McHugh to Clean Air Council;

   - Exhibit G: November 5, 2021 Letter from FOIA Officer McHugh to Clean Air Council;

   - Exhibit H: November 22, 2021 Letter from FOIA Officer McHugh to Clean Air Council;

   - Exhibit I: January 26, 2022 Letter from Regional Director Vietzke to Clean Air Council;

   - Exhibit J: February, 17 2022 Email correspondence between Clean Air Council and FOIA Officer McHugh.

3.  Appellant believes the delay was in error as follows:

    a.  Appellant began communication with the Department and the National Park Service ("Service") about this matter in June of 2021, and has been sent only conclusory information without the supporting facts appellant seeks.

    b.  Appellant filed a Freedom of Information Act ("FOIA") request with the Department on October 4th, 2021.

    c.  Although the Department identified documents that may be responsive to appellant's FOIA request, the Department has failed to send any responsive material to appellant.

    d.  The Department claimed first that it would have a determination by November 5, 2021, then that it would have a determination by November 22, 2021. In its correspondence since November 22, the Department has no predictions as to when it will be able to process appellant's request.

    e.  The Department has had 100 working days to process appellant's FOIA request. These 100 days extend far beyond the basic 20-working-day time limit for Department FOIA requests, and significantly past the 60-working-day estimate for Complex requests. (43 C.F.R. §§ 2.15, 2.16; Exhibit F).

    f.  Correspondence with the Department concerning this FOIA request suggest that in 91 working days the Department only processed one Complex request. (*Compare* Exhibit F at page 4, *with* Exhibit J).

    g.  That same correspondence makes it unclear how the Department handles Multitrack Processing. The Department states that "Within each track, requests are usually processed on a first-in, first-out basis" but also states that "9 Normal, and 4 simple requests [are] pending ahead of yours in this processing track," even though appellant's request is in the Complex track. (Exhibit J). The correspondence also suggests that the number of Normal requests ahead of appellants has increased over time, adding further confusion to how the tracks work. (Exhibit J).

    h.  The information appellant seeks is key for the public. The information concerns a decision making process that has been ongoing since as early as 2015, without public involvement or notification, despite the effect the decision will have on the public and on the Service's potential compliance with Executive Order 14008. The facts the Service has represented to appellant suggest potential conflicts of interest on the part of third parties informing the Service in its decision making process. The public deserves the opportunity to understand the basis of the Service's decision making in this matter, and present supplemental information if necessary. The longer this information remains secret, the greater the chance that

the public will have no opportunity for input into or even understanding of the Service's decision making.


Dated: March 2nd, 2022


_____

Joseph Otis Minott
Executive Director and Chief Counsel
joe_minott@cleanair.org

Joseph Anthony Ingrao
Legal Fellow
jingrao@cleanair.org

Clean Air Council
135 S. 19th St., Suite 300
Philadelphia, PA 19103
215-567-4004