IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLEAN AIR COUNCIL, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| U.S. DEPARTMENT OF THE INTERIOR and NATIONAL PARK SERVICE, | : | No. 22–2741 |
| Defendants, | : | |
| PHILADELPHIA GAS WORKS and CONSTELLATION NEWENERGY INC., | : | |
| Defendant-Intervenors. | : | |

**ORDER**

AND NOW, this _____ day of _____, 2024, on consideration of the Unopposed Motion to Extend Time to Comply with Order until after the Deadline to Appeal, filed by defendants the U.S. Department of the Interior and the National Park Service, it is ORDERED that the motion is GRANTED.

To ensure that the defendants and intervenor-defendants may have the full time to notice an appeal provided by 28 U.S.C. § 2107(b) and Federal Rule of Appellate Procedure 4(a)(1)(B), both 45-day deadlines provided in Paragraph 3 of the Court's September 6, 2024 Order (ECF No. 39), are hereby EXTENDED to 66 days. The remainder of that Order is unaffected.

BY THE COURT:

_____
KELLEY BRISBON HODGE
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLEAN AIR COUNCIL, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| U.S. DEPARTMENT OF THE INTERIOR and NATIONAL PARK SERVICE, | : | No. 22–2741 |
| Defendants, | : | |
| PHILADELPHIA GAS WORKS and CONSTELLATION NEWENERGY INC., | : | |
| Defendant-Intervenors. | : | |

**UNOPPOSED MOTION TO EXTEND TIME TO COMPLY
WITH ORDER UNTIL AFTER THE DEADLINE TO APPEAL**

To ensure that the federal government defendants (and the intervenor-defendants) may have the full time to consider and notice an appeal provided by 28 U.S.C. § 2107(b) and Federal Rule of Appellate Procedure 4(a)(1)(B), defendants the U.S. Department of the Interior and the National Park Service (collectively, NPS) move the Court to extend NPS's deadlines to comply with the Court's September 6, 2024 Order (ECF No. 39), from 45 days to 66 days (in order for the period to end on Monday, November 11, 2024). Plaintiff Clean Air Council and defendant-intervenors Philadelphia Gas Works (PGW) and Constellation NewEnergy Inc. (Constellation) do not oppose this motion. In support, NPS states:

1. On September 6, 2024, the Court entered an Order granting Clean Air Council's motion for summary judgment, and denying NPS's, PGW's, and Constellation's motions for summary judgment. ECF No. 39. The Court's Order also provided that:

> Defendants shall review its previous segregation determinations regarding the feasibility studies and supporting documents and produce within 45 days of the date of this Order to Plaintiff any information contained therein relevant to NPS's theoretical compliance with NEPA and NHPA. If Defendants determine that such information is inextricably intertwined with exempt portions of the studies, such that it is unreasonable to produce any portion of the studies and supporting documents, Defendants shall submit the disputed documents to the Court within 45 days of the date of this Order for *in camera* review.

*Id.* ¶ 3.

2. NPS's current deadline to comply with Paragraph 3 of the Court's Order is therefore Monday, October 21, 2024.

3. However, the Court's September 6, 2024 Order granting and denying the parties' respective summary judgment motions in this FOIA action is immediately appealable. *See McDonnell v. United States*, 4 F.3d 1227, 1236 (3d Cir. 1993).

4. Moreover, under 28 U.S.C. § 2107(b)(2) and Federal Rule of Appellate Procedure 4(a)(1)(B)(ii), a notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is an agency of the United States.

5. Here, NPS is a federal agency. *See* 54 U.S.C. § 100301. As such, the deadline for NPS, PGW, or Constellation to notice an appeal of the Court's September 6, 2024 Order is November 5, 2024, fifteen days after the current deadline for NPS to comply with the Order.

6. There is good cause to extend NPS's deadline to comply with the Court's order from 45 days to 66 days after its entry, *i.e.*, six days after NPS's deadline to notice an appeal. The determination whether to appeal the ruling must be made by the Solicitor General, *see* 28 C.F.R. § 0.20(b), in consultation with NPS, the U.S. Attorney's Office, the Appellate Staff of the Department of Justice's Civil Division, and other potentially affected government components. That process is lengthy and will likely not be complete by the current deadline for NPS to comply. Under the circumstances, the requested extension is necessary to avoid causing irreparable harm to the government. *See, e.g.*, *Coastal States Gas Corp. v. Dep't of Energy*, 644 F.2d 969, 974 (3d Cir. 1981) (granting stay of disclosure order where "compliance with the [district court's] order would effectively moot [the agency's] claim that the documents are in fact exempt"); *People for the Am. Way Found. v. U.S. Dep't of Educ.*, 518 F.Supp.2d 174, 177 (D.D.C. 2007) (collecting FOIA cases recognizing that government must be afforded an opportunity to exercise "its ordinary right to appeal"). To the extent this Court deems the current motion for a 21-day extension to implicate the factors for a stay pending appeal under Federal Rule of Appellate Procedure 8, those factors are readily satisfied for the reasons given by other

2

courts that have granted longer stays in the same circumstances. *See People for the Am. Way Found.*, 518 F.Supp.2d at 177.

      7.     As noted above, this motion and the requested extension, are unopposed.

Therefore, NPS respectfully requests that the Court extend the 45-day deadlines provided in the Court's September 6, 2024 Order to 66 days. A proposed form of order is attached.

                                              Respectfully submitted,

                                              JACQUELINE C. ROMERO
                                              United States Attorney

                                              /s/ Mark J. Sherer
                                              MARK J. SHERER
                                              Assistant United States Attorney
                                              615 Chestnut St., Suite 1250
                                              Philadelphia, PA 19106
                                              (215) 861-8445

Dated: September 11, 2024           mark.sherer@usdoj.gov

## CERTIFICATE OF COUNSEL

In accord with Local Civil Rule 7.1(b), I certify that the foregoing motion is uncontested.

Dated: September 11, 2024 /s/ Mark J. Sherer
MARK J. SHERER
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on this date, the foregoing motion was filed electronically and is available for viewing and downloading from the CM/ECF system, and that system will automatically serve notice on counsel of record.

Dated: September 11, 2024              /s/ Mark J. Sherer
                                                         MARK J. SHERER
                                                         Assistant United States Attorney